Robert Taylor SHARP, Appellant,

v.

The STATE of Texas, Appellee.

No. 35533.

Court of Criminal Appeals of Texas.

March 13, 1963.

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., Hal Adams, Walt Bondies and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is driving while intoxicated; the punishment, thirty-one days in jail and a fine of $200.

Officer Thomas R. Breedlove testified that on the night in question he and his partner, Officer Litherland, were riding in a squad car on East Illinois Avenue in the city of Dallas; that around 1:50 o'clock, a. m., they observed a Chevrolet automobile, driven by appellant, changing lanes in front of them; that they followed the automobile for four blocks and then stopped appellant after observing his vehicle weaving in the lanes of traffic. The officer testified that when appellant got out of the automobile he stated that he had drunk five or six beers at a party. In describing appellant's actions and appearance Officer Breedlove stated that appellant had the odor of alcohol on his breath, that his speech was confused, he staggered when he walked, his eyes were bloodshot, his face was flushed, and expressed his opinion that at such time appellant was intoxicated.

Officer Litherland, called as a witness by the state, corroborated Officer Breedlove's testimony and expressed his opinion that on such occasion the appellant was intoxicated.

As a witness in his own behalf, appellant admitted driving the automobile on the occasion and that he had drunk three or four bottles of beer at the home of a friend, Joe Lucre, but, in effect, denied that he was intoxicated. His testimony relative to the amount of beer he had consumed and his claim of sobriety was corroborated by Lucre when called as a witness in his behalf.

The jury resolved the disputed issue of intoxication against the appellant, and we find the evidence sufficient to sustain their verdict.

The record contains no formal bills of exception and no informal bills are reserved

in the statement of facts. There are no objections to the court's charge and no brief has been filed on behalf of appellant.

 A separate transcript of the jury argument certified to by the official court reporter is brought forward in the record. The transcript is not approved by the court or by counsel for the state and the appellant. In the absence of such approval, the transcript does not constitute an informal bill of exception to the argument of state's counsel, as authorized by subsection (c) of Sec. 2 of Art. 759a, Vernon's Ann. C.C.P., and presents nothing for review. McClain v. State, 166 Tex.Cr.R. 304, 313 S.W.2d 615.

The judgment is affirmed.

Opinion approved by the Court.